**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | | |
|---|---|---|---|
| Jamaull Jones, | ) | CASE NO. | 1:10 CV 2847 |
| | ) | | 1:06 CR 560 |
| | ) | | |
| Defendant-Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN | |
| | ) | | |
| Vs. | ) | | |
| | ) | | |
| United States of America, | ) | **Memorandum of Opinion and Order** | |
| | ) | | |
| Plaintiff-Respondent. | ) | | |

**INTRODUCTION**

This matter is before the Court upon Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 66). For the reasons that follow, the motion is DENIED.

**FACTS**

On December 6, 2006, a federal grand jury returned a six-count indictment against defendant, charging him with various drug and weapon offenses. Defendant was previously convicted of a number of felony drug offenses. Pursuant to a plea agreement, the parties agreed

1

that the government would rely on only one of defendant's prior convictions (the "Conviction") for purposes of a Section 851 enhancement. Accordingly, the government filed a superseding information establishing the Conviction. The Conviction occurred more than five years before the government indicted defendant.

On May 24, 2007, defendant entered into a plea agreement, pursuant to which defendant agreed to plead guilty to two counts alleged in the indictment. In return, the government agreed to dismiss the remaining four counts. As part of the plea agreement, defendant expressly affirmed the Conviction and acknowledged the corresponding sentencing enhancement. The plea agreement also contains an extensive waiver of defendant's appellate and collateral attack rights. At the change of plea hearing held by the Court, defendant confirmed on the record that he understood the terms of the plea agreement, including the sentencing enhancement and waiver provisions.

On February 28, 2008, this Court sentenced defendant as a career offender. The applicable guideline range (after adjustments) was 168-210 months. The Court sentenced petitioner to 168 months. Thereafter, defendant appealed to the Sixth Circuit. The government moved to dismiss the appeal, which defendant, through counsel, opposed. Upon review, the Sixth Circuit dismissed the appeal after concluding that defendant knowingly and voluntarily waived his appellate rights.

Less than one year after sentencing, defendant filed a Section 2255 motion on the basis that the state court vacated the Conviction. Defendant argued that, without the Conviction, he cannot be considered a career offender. Defendant asked that the Court resentence him without the career offender designation. The government did not oppose the motion, which this Court

granted.

On April 23, 2009, this Court resentenced defendant. The Court concluded that without the Conviction, defendant could not be considered a career offender. Consistent with the plea agreement, however, the Court considered the Conviction for purposes of a Section 851 enhancement. Defense counsel did not lodge an objection on the record. Thereafter, defendant filed an appeal with the Sixth Circuit. The government moved to dismiss the appeal, and defense counsel did not oppose the motion.

Defendant again moves for resentencing pursuant to 28 U.S.C. § 2255 and the government opposes the motion.

**ANALYSIS**

According to defendant, his counsel rendered ineffective assistance by failing to object to the use of the vacated Conviction for purposes of a Section 851 enhancement. Defendant also argues that counsel should have opposed the government's motion to dismiss his appeal. The government argues that counsel effectively represented defendant at resentencing because the Conviction is more than five years old and, as such, defendant is statutorily prohibited from challenging it for purposes of a Section 851 enhancement. The government further notes that defendant affirmed the Conviction in the plea agreement and at the change of plea hearing. Thus, it would have been futile for counsel to object to a Section 851 enhancement based on the vacated Conviction. With regard to counsel's failure to oppose the government's motion to dismiss the appeal, the government points out that the plea agreement contains an express waiver of defendant's appellate rights. In addition, the Sixth Circuit previously held that the waiver provision prevented defendant from filing an appeal. As such, any alleged failure on the part of

3

counsel in the second appellate proceeding could not amount to ineffective assistance of counsel. The doctrine of the law of the case rendered any opposition futile.

A petitioner challenging the effectiveness of trial counsel must first show that counsel was so deficient that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment, and further that counsel's deficient performance so prejudiced the defense as to render the trial unfair and the result unreliable. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

The Sixth Circuit has held that counsel's performance is not deficient when plea agreement advice is "based upon a reasonable decision to offer a guilty plea in exchange for a lighter sentence." *Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996). As a general rule, the Court must avoid the use of hindsight and presumes that "the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689.

In order to succeed in establishing ineffective assistance of counsel, petitioner must demonstrate that "(1) his attorney's performance was outside the range of competence demanded of attorneys in the criminal context, and (2) the professionally unreasonable performance prejudiced him." *Hunter v. United States*, 160 F.3d 1109, 1115 (6th Cir. 1998).

Upon review, the Court finds that counsel was not ineffective for failing to object to the Court's use of the Conviction for purposes of a Section 851 enhancement. Regardless of whether the conviction occurred more than five years prior, defendant expressly affirmed the existence of the conviction for purposes of the plea agreement. The Conviction was at the very heart of the plea agreement and in exchange for his guilty plea, the government gave considerable concessions, including adjustments for acceptance of responsibility and

4

cooperation, as well as the dismissal of other charges. Moreover, defendant and the government expressly agreed to the existence of the Conviction. The government argues that two other prior convictions existed, which could have served as the basis for a Section 851 enhancement. The parties expressly agreed to rely only on the Conviction, thereby subjecting defendant to a lower mandatory minimum sentence. This Court then accepted defendant's guilty plea based on the fact of Conviction. Defendant cannot now be heard to complain that the Court sentenced him in accordance with the parties' agreement.[1] To allow otherwise, would result in an unfair advantage to defendant. Defendant would in essence be permitted to uphold the benefits of parties' agreement, *i.e.*, the government's agreement to rely solely on the Conviction, and ignore the detriments, *i.e.*, defendant's agreement to be subject to the Section 851 enhancement.[2]

Based on the unique facts of this case, the Court cannot say that defense counsel acted ineffectively in deciding not to object to the use of the Conviction for purposes of the Section 851 enhancement. Rather, counsel made a reasoned decision not to object to the enhancement. Defendant obtained a considerable benefit by agreeing to rely on the Conviction for the express

---

[1] The Court notes that defendant did not agree to be sentenced as a career offender. Rather, the plea agreement simply recognizes the possibility that defendant might be classified as a career offender. Thus, the Court, with the consent of the government, resentenced defendant for purposes of career offender status only.

[2] The Court further notes that, but for the resentencing pertaining to defendant's career offender status, defendant could not be heard to complain about the use of the Conviction for purposes of enhancement. The statute provides that "any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence." 21 U.S.C. § 851(b). Here, defendant's conviction was not vacated at the time of the original sentencing.

purpose of an enhancement. Counsel did not err in declining to object, especially in light of defendant's other *two* prior convictions. As such, defendant's claim for ineffective assistance of counsel fails.

The Court further rejects defendant's argument that counsel acted inffectively in failing to oppose the government's motion to dismiss his second appeal. As the government correctly notes, the Sixth Circuit already concluded that defendant waived his appellate rights in the plea agreement. Accordingly, a second appeal to the Sixth Circuit would have no doubt been futile.

Certificate of appealability

28 U.S.C. § 2253(c) provides:

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

*(B) the final order in a proceeding under section 2255.*

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

(emphasis added).

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court determined that

[t]o obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'

*Id.* at 483-4 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

For the reasons stated herein, the Court does not find that defendant has made a substantial showing of the denial of a constitutional right.  Accordingly, defendant is not entitled to a certificate of appealability.

**CONCLUSION**

For the foregoing reasons, Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is DENIED.

IT IS SO ORDERED.


                                       /s/Patricia A. Gaughan  
                                       PATRICIA A. GAUGHAN  
                                       United States District Judge

Date   2/28/11